**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DOUGLAS MEIGS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-07-577 |
| NANCY ROUSE, *et al*. | : | |
| Defendants | : | |

o0o

**MEMORANDUM**

On April 24, 2007, the Court issued an Order construing Defendants' Response to the Order to Show Cause as a Motion for Summary Judgment and granting Plaintiff 30 days to file a response in opposition. Paper No. 6. On May 22, 2007, Plaintiff filed a "Motion for Continued Assistance Motions for Injunctive Orders." Paper No. 7. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion shall be granted and the complaint will be dismissed.

Background

Plaintiff alleges that he is in danger of losing important legal cases because some of his legal materials have been placed in storage and will soon be destroyed or shipped to an outside address where they will be unavailable to him.. Paper No. 1. He further alleges that because he suffers from attention deficit disorder, is elderly, and has tremors, he requires more access to written legal materials to comprehend the content. *Id*. He claims application of the property policy restricting the amount of property, including legal materials, a prisoner may keep in his cell is discriminatory. *Id*. He states the cases currently pending are: two appeals from the Inmate Grievance Office; a foreclosure proceeding; and a post-conviction proceeding. *Id*. Plaintiff complains that he was forced to inventory his property and required to discard crushed cereal boxes he used to organize his papers as well as a coffee can filled with plastic bags he purchased for the purpose of organizing

notes on legal research. *Id*. at p. 3. Plaintiff states he was not given adequate notice that he would be required to inventory his property and alleges his papers have become disorganized and jumbled. *Id*.

Defendants assert that Plaintiff has been permitted to keep excess property even though it exceeds the limitations placed on all other inmates.[1] They explain that on February 11, 2007, when Plaintiff was moved to administrative segregation, it took two moving carts to transport his property to the new cell. Paper No. 5 at Ex. 1, pp. 2– 3 and 5– 6. Plaintiff was permitted to go through his legal papers to determine what he needed immediate access to and was permitted to take a box measuring 1.5 cubic feet back to his cell. *Id*. at Ex. 1, p. 2. The remaining legal papers were consolidated into one box and kept in the prison property room as an exception to rules concerning storage of inmate property. *Id*.

Defendants assert Plaintiff's access to the library has been curtailed by his voluntary assignment to administrative segregation. *Id*. Plaintiff's administrative segregation status was prompted by his allegation that he has enemies in general population, none of whom he has named. *Id*. As a result of that assignment, Plaintiff is precluded from going to the institutional library. *Id*. Defendants explain that if Plaintiff was assigned to general population it would be possible to store his excess personal property stored in the library, and he could be permitted special library privileges to work on particular cases. *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to

---

[1] The applicable regulation is Division of Correction Directive (DCD) 220-004, Appx. 1 at p. 3, which provides in pertinent part that inmates are permitted to keep 1.5 cubic feet of books and papers which includes legal papers. The directive further requires that "[a]ll inmates will have only the authorized personal property items listed in the Allowable Inmate Property List or specified by institutional directive, as applicable. DCD 220-004(V)(C).

any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to

3

>   interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

Analysis

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

>   *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.' *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

4

Plaintiff has failed to establish that he has suffered an actual injury;[2] he simply claims that litigating his cases is difficult because of the restrictions placed on the amount of paper work and related property he is permitted to keep. Paper No. 1 and 7. When balanced against Defendants' interests in maintaining a safe institution free of fire hazzards and insuring uniform enforcement of institutional regulations, the inconvenience caused to Plaintiff is insignificant. Plaintiff's allegation that Defendants are attempting to sabotage his efforts to successfully litigate one or more of his claims is belied by the evidence presented establishing that Plaintiff's requests have been accommodated. *See* Paper No. 5 at Ex. 1, pp. 2–8 and 18. That accommodation included allowing Plaintiff to sort through his legal papers for approximately three hours to retrieve what he needed. *Id.* at Ex. 1, p. 5. Plaintiff has not disputed any of Defendants' allegations concerning the disposition of his property or the efforts made to accommodate his requests for access to his collected legal materials. Paper No. 7. Accordingly, based on the undisputed facts, Defendants are entitled to summary judgment in their favor, which shall be granted by separate Order which follows.

June 4, 2007                                                              /s/
Date                                                              William D. Quarles, Jr.
                                                              United States District Judge

---

[2] For example, Plaintiff was granted a postponement of an Inmate Grievance Office hearing based on his assertion that he did not have the appropriate paperwork with him. Paper No. 5 at Ex. 1, p. 18.